IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS M. FAHEY, | ) | CASE NO. 1:05CV1505 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge John M. Manos |
| | ) | |
| ENCORE FINANCIAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | <u>MEMORANDUM OF OPINION</u> |

On April 28, 2005, Thomas M. Fahey, plaintiff, brought suit against the Defendants in the Court of Common Pleas for Erie County, Ohio. The Plaintiff alleges that the Defendants violated his rights under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. On May 26, 2005, the Defendants removed the action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

On July 6, 2005, the Plaintiff filed a Motion For Class Certification (Docket No. 10). The parties have fully briefed the issues.[1] For the following reasons, the motion is DENIED.

---

[1] While briefing the motion, the parties informed the Court that the Plaintiff has died. Plaintiff's counsel intends to substitute the administratrix of the decedent's estate as the named Plaintiff once the appointment is finalized by the state probate court.

I. FACTS

The Defendants are Georgia corporations in the business of collecting debts across the country, including Ohio.  On September 15, 2004, the Plaintiff received a collection notice from the Defendants that he alleges violates the FDCPA in numerous respects.

The Plaintiff alleges that, pursuant to instructions in the letter, he inquired by telephone as to the nature of the alleged debt.  He further alleges that the Defendants' representative demanded payment of $82.00 to cover the purported debt (a dishonored check), plus an additional $12.00 for what was identified as a "search fee".  Based on the letter and the conversation, the Plaintiff was led to believe that failure to comply could result in criminal prosecution.  Out of fear of criminal liability, on or about October 2, 2004, the Plaintiff paid the Defendants $94.00.

The Plaintiff asserts that the Defendants' conduct violates the FDCPA.  In addition, he seeks to certify this action as a class action in which the purported class is defined as:

> All persons and entities who received within the past year, identical or substantially similar communications from Defendants, alleging a debt owed to a third party and seeking to collect that debt excluding employees, officers, directors, legal representatives, heirs, successors and assignees of Defendants.

(Complaint at ¶ 17.)  On July 6, 2005, the Plaintiff filed a motion to certify the class, which the Defendants oppose.

II.  LAW AND ANALYSIS

To obtain class certification, a party must satisfy all four requirements of Fed. Civ. P. 23(a), and at least one of the provisions of Fed. R. Civ. P. 23(b).  Coleman v. General Motors Acceptance Corp., 296 F.3d 443, 446 (6th Cir. 2002).  The party seeking class certification bears

the burden of proof as to the class action requirements.  In re American Medical Systems, Inc.,75 F.3d 1069, 1079 (6th Cir. 1996).

Fed. R. Civ. P. 23(a) sets forth four prerequisites to class certification: (1) the class must be so numerous that "joinder of all members is impracticable;" (numerosity) (2) there must be "questions of law or fact common to the class;" (commonality) (3) the claims of the representative party must be "typical" of the class (typicality); and (4) the representative party must be able to "fairly and adequately protect the interests of the class" (adequate representation).  Fed. R. Civ. P. 23(a); Alkire v. Irving, 330 F.3d 802, 820 (6th Cir. 2003); Stout v. J.D. Byrider, 228 F.3d 709, 717 (6th Cir. 2000); Rutherford v. City of Cleveland, 137 F.3d 905, 909 (6th Cir. 1998).

As a threshold, the Defendants argue that the allegations in the Complaint are insufficient to demonstrate numerosity.  The numerosity requirement is satisfied if the number of class members is so great as to render joinder of all members impracticable.  There is no strict numerical test to determine whether joinder is impracticable.  Rather, numerosity is determined by an examination of the facts specific to each case.  American Medical, 75 F.3d at 1079.

With respect to the existence of "identical or substantially similar communications from Defendants", the Plaintiff is aware only of his own specific letter and conversation.  He bases numerosity on the breadth of the Defendants' national network of offices and the dollar value of their collections activity.  From these facts, he presumes that the number of people who received comparable communications is in the "thousands".  (Complaint at ¶ 19; Memorandum In Support at 7-8.)  The Defendants argue that these allegations are insufficient to satisfy the numerosity requirement.

The Court agrees with the Defendants. The Plaintiff correctly states that the exact number of class members need not be known to establish numerosity. However, even in the absence of a specific count, the Plaintiff still must rely on evidence that shows that numerosity is satisfied. In relying only on the general characteristics of the Defendants' business, the Plaintiff has not demonstrated that a sufficient number of people actually received communications comparable to those at issue. Therefore, the numerosity requirement is not satisfied.

### III.  CONCLUSION

The Court's conclusion on numerosity is dispositive. Accordingly, the Plaintiff's Motion For Class Certification (Docket No. 10) is DENIED.

IT IS SO ORDERED.


Issued: October 24, 2005              s/ John M. Manos
                                      UNITED STATES DISTRICT JUDGE